129 F.3d 119
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
William S. KONETZKI, M.D., individually and on behalf of AFD
American Family, Plaintiff-Appellee,
v.
G. Raymond GAVERY, M.D., and AFD American Family
Corporation, an Illinois corporation, Defendants-Appellants.
 No. 96-3927.
 United States Court of Appeals, Seventh Circuit.
 Argued September 15, 1997.
Decided October 14, 1997.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, Harry D. Leinenweber, Presiding Judge; No. 95 C 1333.
 Before POSNER, Chief Judge and CUMMINGS and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Dr. William Konetzki sued Dr. Raymond Gavery and the AFD American Family Corporation ("AFD") for $215,000 for breach of contract, $1,000,000 punitive damages, and other relief not involved in this appeal. The jury awarded plaintiff $145,500 in damages, causing defendants to file this appeal. We affirm.
 
 
 2
 In January 1993 plaintiff Dr. William Konetzki invested $200,000 in defendant AFD American Family Corporation. Plaintiff is a vascular surgeon and prior to January 1993 confined his practice to his clinic in Charleston, Illinois.
 
 
 3
 In 1988 defendant Dr. G. Raymond Gavery incorporated AFD to sell franchised family practice medical clinics to use experience developed by Dr. Gavery at his clinics. Dr. Konetzki invested in AFD because he wished to expand his surgical practice into the Chicago area. At that time AFD was planning to build a clinic in Naperville, Illinois, where Dr. Konetzki would be providing surgical services. In return for Dr. Konetzki's $200,000 investment in AFD, Dr. Gavery, its president and sole stockholder, had AFD promise Dr. Konetzki benefits in written and oral agreements allegedly providing:
 
 
 4
 1. An oral agreement for AFD to apply $150,000 of Konetzki's investment to help build the Naperville clinic where Konetzki could practice.
 
 
 5
 2. A written employment agreement allowing Konetzki to retain 50% of the fees AFD would charge for his services at the Naperville clinic.
 
 
 6
 3. An oral agreement that AFD would apply the balance of $50,000 to complete a computer software program for the Naperville facility.
 
 
 7
 4. A written agreement giving Konetzki 8% of AFD stock.
 
 
 8
 5. An oral agreement that Konetzki and Gavery would serve as AFD directors.
 
 
 9
 6. A written agreement for Konetzki's Charleston clinic to become a franchisee of AFD and receive certain services for a $15,000 franchise fee Konetzki paid, plus later payment of franchise royalties.
 
 
 10
 After paying $200,000 to AFD, Konetzki traveled in Somalia where he spent several months as a volunteer physician in the belief that Gavery would apply the $200,000 investment as promised above. Subsequently Konetzki ascertained that Gavery did not intend to fulfill the written and oral agreements AFD had made with Konetzki. Thus AFD never built the Naperville clinic nor completed the promised computer software program. Gavery reneged on a promise to transfer title to the software to AFD, and the software project was stopped in 1994 for failure to pay the development bills. In June 1994 Gavery announced to Konetzki that his employment agreement was void.
 
 
 11
 In July 1994, after the impasse between Konetzki and Gavery, the former opened a surgical facility in Flossmoor, Illinois, to mitigate his damages. However, it was not as prosperous as the contemplated Naperville facility was expected to be. After Konetzki filed this lawsuit, AFD opened a clinic in Montgomery, Illinois, but Konetzki was never invited to provide surgical services there.
 
 
 12
 The jury awarded $145,500 damages to Konetzki, resulting in this appeal by Gavery and AFD. We affirm on the ground that the evidence amply supports the jury's award of damages.
 
 1. Konetzki's loss of § 150,000
 
 13
 AFD failed to apply Konetzki's's $150,000 to go toward building a model clinic in Naperville, Illinois, where Konetzki could practice surgery. This failure was not excused by AFD's subsequently opening a facility in Montgomery, Illinois, without informing plaintiff or permitting him to practice there.
 
 
 14
 2. Damages from failure to open Naperville clinic
 
 
 15
 Plaintiff testified that based on his operating a facility in Flossmoor, Illinois, he would have earned $256,280 from the Naperville clinic from the time it was meant to open until he opened the Flossmoor clinic after learning that Naperville would not be built. Plaintiff testified that he would have earned $289,900 in 18 months if AFD had opened the Naperville clinic in July 1993. Even Dr. Gavery admitted that Konetzki would have earned $97,700 in 12 months at an AFD-owned clinic. Projected over the 18-month period included, that would amount to $146,550 in lost earnings through Gavery's own calculations. It is immaterial that Konetzki was only performing ten surgeries a month at his own clinics in Charleston and Flossmoor because he testified he was able to handle two to four times that workload if the Naperville clinic had been opened.
 
 
 16
 3. Defendants' failure to develop computer software
 
 
 17
 Dr. Gavery said that the planned software could ultimately yield at least $33,330,333.33 whereas Dr. Konetzki was awarded a total of only $145,500.
 
 
 18
 4. Decrease in value of Konetzki's AFD shares
 
 
 19
 Dr. Konetzki paid $200,000 for an 8% share of ownership in AFD in January 1993; Dr. Gavery's 92% share was therefore $2,500,000. Because Dr. Gavery testified that the value of his 92% share dropped to $675,000 by December 1995, a corresponding decline in Konetzki's $200,000 investment would show a loss of $146,000. The jury awarded $145,500.
 
 
 20
 5. Konetzki's evidence of lost profits was sufficient
 
 
 21
 Konetzki's evidence of lost profits was based on his experience with the Flossmoor facility after he learned that the Naperville clinic would not be built and was also based on Konetzki's experience with his Charleston clinic. Moreover, Gavery calculated that Konetzki's earnings from an AFD-owned clinic would be $97,700 a year or $146,550 for the 18-month period from the date the Naperville clinic was to open until Konetzki opened his own Flossmoor facility.
 
 Conclusion
 
 22
 The jury was entitled to find that defendants' breach of oral and written agreements caused plaintiff damages, and the amount of damages was amply supported by the evidence.
 
 
 23
 Judgment affirmed.